# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY BAIRD. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1908 |
| | § | |
| WERNERCO SERVICES, INC. and | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant Lowe's Home Centers, LLC ("Lowe's"). Dkt. 15. Plaintiff Perry Baird responded. Dkt. 18. Having reviewed the motion, the evidentiary record, and the applicable law, the court is of the opinion that the motion for summary judgment (Dkt. 15) should be GRANTED.

## I. BACKGROUND

According to Baird's live complaint, Baird visited a Lowe's Home Improvement Center (owned and operated by Lowe's Home Center, LLC) in Kingwood, Texas and purchased a six-foot step ladder manufactured by Wernerco Services, Inc. Dkt. 1, Ex. A ¶ 7. In March 2016, Baird used the ladder while cleaning or refinishing some kitchen cabinets in his home. *Id*. Baird claims he fell from the ladder and suffered substantial injuries after the ladder failed by coming apart at the locking arms. *Id.*

On March 19, 2019, Baird filed his original petition in state court, asserting products-liability claims and claims for breach of warranty and negligence against Wernerco Services, Inc. and Lowe's (collectively "Defendants"). Dkt. 1., Ex. A. Defendants removed the case to federal court. Dkt. 1. Lowe's now moves for summary judgment on the ground that it is a non-manufacturing seller of the

Werner six-foot step ladder and is therefore not subject to liability under Texas Civil Practice & Remedies Code § 82.003. Dkt. 15 at 3–7.

## II. STANDARD OF REVIEW

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Because the court sits in diversity jurisdiction over this action, Texas substantive law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938).

## III. ANALYSIS

Section 82.003 provides that for products-liability claims, "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven exceptions. Tex. Civ. Prac. & Rem. Code. § 82.003(a). "In essence, § 82.003 denies,

under the umbrella of products liability, recovery from a product seller who merely distributes a defective product." *Alonso v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005) (Hittner, J.). The plaintiffs' pleadings "need not specifically cite to any of the seven exceptions" so long as the plaintiffs "fairly state a claim that falls within any one or more of the exceptions." *Casas v. The Tire Corral, Inc.*, No. M-04-123, 2005 WL 6773889, at *1 (S.D.Tex. Mar. 31, 2005) (Crane, J.).

### A. Non-Manufacturing Seller

For all of Baird's claims related to the defective ladder, Lowe's asserts that it is entitled to summary judgment under § 82.003. Dkt. 15. Baird contends in his response that Lowe's has failed to establish that it is a "seller" under § 82.003. Dkt 18 at 3. Section 82.001 defines a seller as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Tex. Civ. Prac. & Rem. § 82.001(3). Section 82.003 expressly states that a seller that did not manufacture a product is not liable for harm unless an exception applies. Tex. Civ. Prac. & Rem. Code. § 82.003(a). Here, there is sufficient evidence that establishes Lowe's as a seller. First, Baird's petition expressly acknowledges that Lowe's sold Baird the allegedly defective ladder and identifies only Wernerco as the manufacturer. Dkt. 1, Ex. A at 3. Second, Lowe's provided evidence of the receipt documenting the sale of the ladder. Dkt. 16, Ex. I; Dkt. 20, Ex. B.

Furthermore, Baird has failed to rebut Lowe's evidence. A non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Here, Baird merely presents conclusory allegations that

Lowe's is not a seller. Dkt.18, ¶ 10. These allegations cannot overcome Lowe's proffered evidence to the contrary.

### B. Exceptions

However, Lowe's status as a non-manufacturing seller is not dispositive. A seller may still be liable under § 82.003 if the plaintiff shows that one of the following exceptions are met:

> Sec. 82.003 (a): A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
> (1) that the seller participated in the design of the product;
>
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>
> (4) that (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>
> (5) that (A) the seller made an express factual representation about an aspect of the product; (B) the representation was incorrect;(C) the claimant relied on the representation in obtaining or using the product; and (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>
> (6) that (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect; or
>
> (7) that the manufacturer of the product is (A) insolvent; or (B) not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. § 82.003(a) (1)–(7).

Although a plaintiff is not required to specifically plead an exception, a plaintiff must plead facts showing that an exception may apply. Here, given the allegations in Baird's petition, the only exception that could plausibly apply is (2): that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification. Baird claims that both Defendants breached their duty to properly manufacture, store and handle the ladder prior to sale. Dkt. 1, Ex. A at 4. However, Baird has not provided any evidence that Lowe's altered or modified the unit. Because Baird cannot trace the ladder's defects to any alteration or modification made by Lowe's, § 82.003 protects Lowe's from liability as a non-manufacturing seller.

### C. Breach of Implied Warranty and Negligence Claims

Baird also argues that even if § 82.003 bars liability for his product-liability claims, it does not bar his breach of warranty and negligence common-law claims. Section 82.003 applies in a "products liability action." *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *3 (S.D. Tex. May 20, 2005) (Rosenthal, J.). "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damages allegedly caused by a defective product. This includes actions based in tort law, contract law, or any other theory or combination of theories. Tex. Civ. Prac. & Rem. Code. § 82.001(2). Section 82.003 claims are not dependent upon whether the plaintiff labeled the claims as products-liability claims, but rather on whether liability arises out of a personal injuries or property damage caused by a defective product. *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999).

Texas law distinguishes between products-liability and contract actions based on the economic-loss rule. *Lopez v. Huron*, 490 S.W.3d 517, 521 (Tex. App.—San Antonio 2016, no pet.) A claim for breach of implied warranty "can be either a contract or tort claim." *Id.* at 521–22.

5

"When the damages are purely economic, the claim sounds in contract . . . [b]ut a breach of implied warranty claim alleging damages for death or personal injury sounds in tort." *JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 704–05 (Tex. 2008). Here, Baird's claims stem from his personal injuries and trauma allegedly caused by his fall from the allegedly defective ladder. Dkt. 1, Ex. A ¶ 12. Therefore, Baird's claims sound in tort and are subject to § 82.003. *Fowls v. Wal-Mart Stores Tex., LLC*, No. 4:17-CV-02290, 2019 WL 2069575, at *2 (S.D. Tex. Mar. 27, 2019) (Gilmore, J.).

Lowe's is a non-manufacturing seller for the purposes of § 82.003 and Baird failed to allege any facts establishing that Lowe's is liable under any of the seven exceptions. Therefore, Lowe's is entitled to judgment as a matter of law on all of plaintiff's claims.

### IV. Conclusion

For the foregoing reasons, Lowe's' motion for summary judgment (Dkt. 15) is GRANTED.

Signed at Houston, Texas on August 6, 2019.

---

Gray H. Miller
Senior United States District Judge