# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY BAIRD, | § | |
|     *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-18-1908 |
| WERNERCO SERVICES, INC. and LOWE'S HOME CENTERS, LLC, | § § § § | |
|     *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants WernerCo Services, Inc. ("WernerCo") and Lowe's Home Centers, LLC's ("Lowe's") renewed motion to strike plaintiff's experts (Dkt. 24) and joint motion for summary judgment (Dkt. 25). Plaintiff Perry Baird has not responded to either motion. Having reviewed the motions, the applicable law, and the record, the court is of the opinion that the motion to strike (Dkt. 24) should be GRANTED IN PART, and the motion for summary judgment (Dkt. 25) should be GRANTED.

### I. BACKGROUND

This is a product liability case. Baird claims to have been injured when a step ladder manufactured by WernerCo, that Baird purchased from Lowe's, allegedly "came apart at the locking arms," causing Baird to fall and suffer "substantial injuries." Dkt. 1-1 ¶ 7. Baird initially filed suit against WernerCo and Lowe's on March 19, 2018, in Texas state court, alleging three causes of action: (1) breach of the implied warranty of merchantability, (2) strict products liability, and (3) negligence. *See id.* ¶¶ 8–11. WernerCo removed the case to federal court with Lowe's consent on June 11, 2018. Dkt. 1.

On August 20, 2018, the court entered its Rule 16 Scheduling Order (Dkt. 7), setting the deadline for Baird's expert reports as December 14, 2018. On December 14, 2018, Baird moved to extend the time for expert designations, the discovery period, and dispositive motions. Dkt. 12. While that motion was pending, Baird late-designated his experts on January 15, 2019, including his retained technical expert, Stanley A. Kiska. *See* Dkt. 24-1. However, Baird failed to provide a written report for Kiska as required by Federal Rule of Civil Procedure 26(a)(2)(B), stating instead that "[a]ny written reports will be supplemented by Plaintiff once received." *Id.* ¶ 4. Defendants first moved individually in March of 2019 to strike Baird's experts for a failure to timely designate, and a failure to provide an expert report for Kiska. *See* Dkts. 13 (WernerCo's motion to strike) & 14 (Lowe's motion to strike).

All three of the aforementioned motions were mooted when the court entered an Amended Agreed Scheduling Order on April 16, 2019. *See* Dkt. 21. The Amended Agreed Scheduling Order set the new deadline for Baird's expert reports as April 22, 2019. *Id.* Moreover, under the Amended Agreed Scheduling Order, discovery was to be completed by June 3, 2019. *Id.* According to WernerCo and Lowe's, Baird "did not do anything to amend or otherwise supplement his earlier expert designation by the new expert deadline of April 22, 2019." Dkt. 24 at 4. On May 21, 2019, WernerCo and Lowe's jointly moved to strike Baird's experts (Dkt. 24) and for summary judgment on the ground that Baird "does not have expert testimony to support his claims, which is required by Texas law."[1] Dkt. 25 at 9. Baird has not responded to either of these motions and discovery is now closed.

---

[1] On August 8, 2019, the court granted an earlier-filed motion for summary judgment by Lowe's. *See* Dkt. 26 (granting Dkt. 15). Accordingly, the pending motion is moot as to Lowe's.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598 (1970)). Material facts are those "that might affect the outcome of the suit," and a fact is disputed when "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the movant meets its burden, the burden shifts to the non-movant to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). Because the court sits in diversity jurisdiction over this action, Texas substantive law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938).

## III. LAW & ANALYSIS

**A. Motion to Strike**

Defendants move to strike all of Baird's experts—including Baird's non-retained medical experts—on the grounds that all were untimely designated, and that the designation of Kiska remains "defective in its failure to provide a report or otherwise disclose Kiska's opinions and bases for said opinions." Dkt. 24 at 2. The court considers four factors in deciding whether to exclude evidence that was not properly designated: "'(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Baird has not responded to Defendants' renewed motion to strike his experts.

"Failure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L. R. 7.4.

As to Baird's non-retained medical experts, which his January 15, 2019 designation states are being offered "to present evidence under Federal Rule of Evidence 702, 703, or 705" (Dkt. 24-1 ¶ 2), Defendants' only complaint is that such designations were untimely. *See* Dkt. 24. While it may be true that Baird "did not do anything to amend or otherwise supplement" these designations (Dkt. 24 at 4), Defendants cannot fairly claim that these designations were untimely under the Amended Agreed Scheduling Order where Baird's expert deadline was April 22, 2019 (Dkt. 21), and his expert designations were filed in January (Dkt. 24-1). Furthermore, Baird's designations state that the "opinions/reports of these non-retained experts consist of the medical records, documents and diagnosis that the Plaintiff has previously produced" (Dkt. 24-1), and Defendants have not argued that such records were not produced or that they have somehow been deprived of the ability to rebut these non-retained experts' opinions. Accordingly, the court has no reason to strike Baird's non-retained medical experts. However, this is a moot point since, for the reasons explained *infra*, the court does have reason to strike Baird's retained technical expert, which then necessitates granting Defendants' summary judgment motion.

Baird does not dispute that his expert designation of Kiska is deficient under Federal Rule of Civil Procedure 26(a)(2)(B).[2] Baird offers no explanation for his failure to properly designate Kiska, so the first factor weighs in favor of granting Defendants' motion to strike. As to the second

---

[2] The designation fails to do anything more than identify Kiska by name and provide his contact information. *See* Dkt. 24-1. Although the designation states that "the CV of Kiska as well as the fee schedule" were attached (*id.*), Defendants allege that this was not so. *See* Dkt. 24 at 3 n.3 ("Plaintiff indicated in his untimely expert designation that Kiska's c.v. and fee schedule were attached. They were not."). As Baird has chosen not to respond to the motion to strike, the court presumes that he does not oppose Defendants' characterizations of his expert designation. *See* S.D. Tex. L.R. 7.4.

factor, Kiska's testimony is of the utmost importance, since Baird cannot prove a defect of the ladder without expert testimony, which weighs in Baird's favor. *See infra* § III.B. However, the fact that Kiska's testimony is so important compounds Baird's failure to respond to the motion to strike, or to offer any explanation for why Kiska has not submitted a written report, shifting the balance in Defendants' favor. As to the third and fourth factors, Defendants would undoubtedly be prejudiced by allowing Kiska's testimony without any written report. While a continuance might cure this prejudice, Baird has not formally requested a continuance from the court. And even if such a continuance were granted, it would result in delay and added expense to Defendants in defending the lawsuit. *Geiserman*, 893 F.2d at 792. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.* Accordingly, the court finds it proper to strike Baird's designation of Kiska's expert testimony.

**B. Motion for Summary Judgment**

All of Baird's claims require proof of a specific defect. *See Bass v. Stryker Corp.*, 669 F.3d 501, 514–15 (5th Cir. 2012) (holding that a cause of action for strict liability under Texas law requires showing that the product was "in a defective or unreasonably dangerous condition"); *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988) ("although a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective"); *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 443–44 (Tex. 1989) (holding "that proof of a defect is required in an action for breach of implied warranty of merchantability").[3] The Texas

---

[3] The Texas Supreme Court drew a distinction between the type of defect required in an implied warranty of merchantability case from the type required in strict products liability. *Plas-Tex*, 772 S.W.2d at 444. For purposes of the court's analysis here, the distinction makes no difference as Baird has failed to counter Defendants' competent summary judgment evidence that no defect existed.

Supreme Court has "held that a specific defect must be identified by competent evidence and other possible causes must be ruled out." *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004). Here, Defendants have put forth competent summary judgment evidence in the Affidavit of Dale R. King (Dkt. 24-3), which shows that the ladder was neither defective nor unreasonably dangerous for its use. Moreover, Defendants pointed to Baird's failure to timely designate an expert that could counter King's testimony to show that no genuine issue of material fact could exist. *See* Dkt. 24 at 9 ("Plaintiff does not have expert testimony to support his claims."). Accordingly, the court finds that summary judgment should be granted to Defendants.

To be clear, the court does not find summary judgment warranted simply because Baird has failed to respond. *See John v. State of La. (Bd. of Trustees for State Colls. and Univs.)*, 757 F.2d 698, 707–10 (5th Cir. 1985) (holding that summary judgment cannot be supported solely on the ground that the non-movant fails to respond). The court finds that Defendants have offered competent summary judgment evidence in the form of King's affidavit (Dkt. 24-3), and that because Baird is precluded from offering competing testimony—by virtue of this court striking Kiska's testimony (*see supra* § III.A.)—there can be no genuine issue of material fact.

### IV. CONCLUSION

For the foregoing reasons, Defendants' renewed motion to strike plaintiff's experts (Dkt. 24) is GRANTED IN PART, and Defendants' joint motion for summary judgment (Dkt. 25) is GRANTED.

Signed at Houston, Texas on September 5, 2019.

_____
Gray H. Miller
Senior United States District Judge